## BRUSCATTO v. STEWART (GENERAL EXCHANGE INS. CORPORATION, Intervener).

### No. 5286.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Sholars & Gunby, Robt B. Guerriero, and H. D. Montgomery, all of Monroe, for plaintiff.

Clark, Parker & Davenport, of Monroe, for defendant.

DREW, Judge.

This suit arises out of an automobile collision at an intersection in the city of Monroe, La. Plaintiff claims damages to his car and damages for personal injuries received in the accident.

He alleged he was traveling north on North Fifth street at about 8:05 p. m., and that defendant was traveling east on Washington street. The collision occurred in the intersection of the two above-named streets. Plaintiff alleged he entered the intersection when the signal light facing him was green and that defendant entered on the red light. He also alleged that defendant was not keeping a proper lookout and was traveling at excessive speed.

Defendant denied any negligence on his part and averred he entered the intersection when the signal light facing him was green;

that plaintiff entered on the red light and was not keeping a proper lookout and traveling at an excessive speed. Defendant reconvened for damages to his car and for damages for personal injuries he received in the accident. Defendant's insurer intervened in the case, adopting practically all of defendant's allegations of negligence and alleged it had paid to repair defendant's car the sum of $412, under a contract of insurance covering collisions. It prayed for judgment against plaintiff in that amount.

The lower court rejected the demands of all parties, and all have appealed.

This case involves only questions of fact and, after a careful study of the record and briefs, the latter consisting of nearly 300 pages, we have come to the conclusion that the lower court was correct in finding both drivers of the cars involved in the collision were negligent and rejecting the demands of all litigants.

Plaintiff, driving a Ford sedan, was traveling north on North Fifth street and defendant, in an Oldsmobile, was traveling east on Washington street. The streets intersect at right angles. Over the center of this intersection hangs a semaphore light to direct traffic. The light changes about every forty seconds from red to amber or caution, then to green. It is a violation of the law to enter or attempt to cross the intersection when the light facing the driver is either red or amber. The collision occurred a few feet east and a few feet south of the center of the intersection, and the physical facts show that plaintiff's car struck the right side of defendant's. After the collision, defendant's car traveled more than 75 feet and turned over on its side on the north side of Washington street. Plaintiff's car turned over several times and came to rest against a traffic pole on the northeast corner of the intersection. The actions of the two cars after the collision are mute evidence which conclusively refutes the testimony of both drivers as to the speed at which they were traveling at the time of the collision. Plaintiff contends he was making from 18 to 19 miles per hour when he entered the intersection. Defendant contends he came to a full stop before entering the intersection, was still in second gear at the time of the collision, and had only traveled 20 or 25 feet after starting from a dead stop until the collision occurred.

We are convinced that both cars were traveling much faster than claimed by the drivers, and are also convinced that defendant did not stop before entering the intersection. If he had stopped, he could not have been traveling as fast as he was at the time of the accident. The amount of damage done each car is also silent evidence of greater speed than that claimed by the drivers. The cost of repairing defendant's car was nearly $500 and that of repairing plaintiff's car considerably in excess of $200. It is also evident that neither plaintiff nor defendant was keeping a proper lookout, and we doubt seriously if either saw the other until the moment of impact. If a proper lookout had been kept and the cars were not traveling any faster than claimed by the drivers, then either party could have averted the accident.

There were two disinterested witnesses who testified for plaintiff. One, a young high school boy who was skating with some friends a block away, and who testified that defendant entered the intersection when the light facing him was red. The other witness was a negro preacher who was near the intersection and who testified that when defendant entered the intersection the light was amber and turned to red a moment before the collision occurred. We do not doubt the sincerity of the young boy, but do doubt the accuracy of his testimony when we take it as a whole. His mind and thoughts were on his skating and the boys who were skating with him. We are forced to the conclusion that the preacher has correctly stated what happened and that both cars entered the intersection at a time when the light facing them was amber. Therefore our ultimate conclusion is that both cars entered the intersection at a speed in excess of that allowed by the city of Monroe and that both entered on the amber-colored light, that neither of the drivers was keeping a proper lookout, and that the concurring negligence of both was the proximate cause of the accident and neither can recover. It is needless to say that the insurer and intervener cannot recover, since we find the insured is barred from recovery.

The judgment of the lower court is correct and is affirmed, with costs.